# NOT FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

21-324

OBEY FINANCIL GROUP, INC.

VERSUS

TORIA B. KING

\*\*\*\*\*\*\*\*\*\*\*\*
APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 266,607
HONORABLE MONIQUE FREEMAN RAULS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*
SYLVIA R. COOKS
CHIEF JUDGE
\*\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Chief Judge, Van H. Kyzar and J. Larry Vidrine\*, Judges.

AFFIRMED, AS AMENDED.

Richard Alan Rozanski
Richard A. Rozanski, A.P.L.C.
P.O. Box 13199
Alexandria, LA  71315-3199
(318) 445-5600
COUNSEL FOR PLAINTIFF/APPELLEE:
      Obey Financial Group, Inc.

Charles E. Brumfield, Jr.
P.O. Box 2848
Hammond, LA 70404
(985) 400-2185
COUNSEL FOR DEFENDANT/APPELLANT:
      Toria B. King

\*Honorable J. Larry Vidrine participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore

**COOKS, Chief Judge.**

This case arises from a Petition for Money Judgment filed by Plaintiff, Obey Financial Group, Inc., against Defendant, Toria King. On January 3, 2019, Ms. King executed a promissory note in the amount of $53,451.93 with a security interest in property she owned. This litigation ensued when Ms. King defaulted on the promissory note. It was alleged that Ms. King failed to pay the installment due March 18, 2019, and all subsequent payments thereafter. Obey then filed the Petition for Money Judgment on October 28, 2019. Ms. King filed an Answer and Counterclaim to Obey's Petition for Money Judgment on December 30, 2019. Initially, Ms. King did not request service of the Answer and Counterclaim, but upon request, service was completed on counsel for Obey on March 13, 2020. Obey filed an Answer to Defendant's Reconventional Demand on April 1, 2020.

On May 11, 2020, Obey, as Plaintiff and Defendant-in-Reconvention, filed motions for summary judgment as to its claims on the Petition for Money Judgment and seeking summary dismissal of Ms. King's reconventional demand. Both motions for summary judgment were served upon Ms. King through her counsel of record on May 26, 2020. Ms. King filed a Motion and Order for Continuance on June 10, 2020. The trial court continued the hearing on the motion for summary judgment on the original demand for July 13, 2020. Ms. King filed a Memorandum in Opposition to Summary Judgment on July 6, 2020, maintaining that summary judgment was improper at this stage of the litigation because she was still awaiting responses to requests for discovery she propounded. Ms. King specifically asked the court to defer the motion until the parties could conduct and conclude full discovery. Obey filed an Ex Parte Motion to Strike the opposition, alleging it was not timely filed, the fax filing was not received within seven days of the fax transmission and the affidavits and exhibits attached to Ms. King's memorandum in support were inadmissible hearsay.

The summary judgments and motion to strike were taken up by the trial court on July 13, 2020. The trial court granted Obey's motion to strike as well as both summary judgments in favor of Obey. Judgment was rendered against Ms. King, resulting in a money judgment of $58,280.91 and dismissing Ms. King's reconventional demand with prejudice. Final judgment in accordance with those rulings was signed on July 28, 2020.

Ms. King filed a Motion and Order for Appeal on November 13, 2020. The trial court signed the motion on September on November 20, 2020, designating the appeal as a suspensive appeal. The trial court did not set a bond. In the trial court, Obey filed a Motion to Dismiss Suspensive Appeal on December 23, 2020, asserting the appeal was not in accordance with the law. At a hearing on that motion, the trial court requested that counsel for Obey submit an amount sufficient for the suspensive appeal bond to be set, and the motion to dismiss was not taken up. Obey submitted a proposed Order to set the Suspensive Appeal Bond at $78,090.93, which the trial court signed on February 9, 2021. Ms. King was ordered to post that amount in the registry of the court within fifteen calendar days. Ms. King failed to post the bond by the deadline. Obey then filed a Motion to Withdraw Motion to Dismiss Suspensive Appeal in the trial court. After the appeal record was received in this court, Obey filed a Motion to Dismiss Suspensive Appeal, asserting Ms. King's suspensive appeal was not in accordance with the law. This court, in an unpublished opinion, found "[a]s the delay for posting a bond for suspensive appeal has expired and the record reflects that appellant, Toria B. King, has failed to post a suspensive appeal bond, the motion to dismiss the suspensive appeal is granted." *Obey Financial Group, Inc. v. Toria B. King*, 21-324, p. 3 (La.App. 3 Cir. 6/30/21) (unpublished opinion). The appeal by Ms. King was maintained as a devolutive appeal, which is currently before this court, with Ms. King asserting the following assignments of error:

1. The trial court erred in proceeding with Obey's Motions for Summary Judgment where only a month had elapsed between the filing of Obey's Answer and the filing of the Motion for Summary Judgment and the parties had not had sufficient time to complete discovery.

2. The trial court erred in granting summary judgment in favor of Obey when there is a genuine issue of material fact as to the enforceability of the promissory note.

## ANALYSIS

Ms. King maintains the trial court erred in proceeding with the Motions for Summary Judgment where only a month had elapsed between the filing of Obey's answer and the filing of the Motions for Summary Judgment. Ms. King specifically asserts she did not have time to complete adequate discovery. The facts establish the Petition for Money Judgment was filed by Obey on October 28, 2019. Following an extension, Ms. King filed an answer and reconventional demand on December 30, 2019. Obey, after receiving service on March 13, 2020, filed its Answer to the Reconventional Demand on April 1, 2020. Obey's Motions for Summary Judgment were then filed on May 11, 2020.

Louisiana Code of Civil Procedure article 966(A)(1) provides that "[t]he plaintiff's [and defendant's] motion may be made at any time after the answer has been filed." Thus, under the statute both Motions for Summary Judgment filed by Obey were timely and properly before the trial court.

Ms. King also argues she requested in her opposition that the trial court defer the motions for summary judgment until the parties had sufficient time for discovery. A review of the opposition memorandum reveals Ms. King requested she have more time so she could "provide a more detailed response." Ms. King did not file a motion to compel discovery or file a motion to continue the hearings on the basis of a lack

of discovery.[1]  Further, a review of the hearing on the motion for summary judgment shows, at no point, did counsel for Ms. King discuss the need for a continuance or a lack of discovery.  We agree with Obey that Ms. King failed to present the trial court any evidence, or even an assertion, that further discovery would lead to additional facts that would support any opposition to Obey's Petition for Money Judgment.

In her second assignment of error, Ms. King argues the trial court erred in granting summary judgment where there was a "genuine issue of material fact as to the enforceability of the promissory note."

Summary judgments are subject to a de novo review.  *Covington v. McNeese State Univ.*, 08-505 (La.App. 3 Cir. 11/5/08), 996 So.2d 667, *writ denied*, 09-69 (La. 3/6/09), 3 So.3d 491.  "The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action. . . . The procedure is favored and shall be construed to accomplish these ends."  La.Code Civ.P. art. 966(A)(2).  A motion for summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for the purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law."  La.Code Civ.P. art. 966(B)(2).  The movant bears the burden of proof on the motion.

However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant need not negate all essential elements of the adverse party's claim, action, or defense, but rather must point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense.  La.Code Civ.P. art. 966(C)(2).  Thereafter, if the adverse party fails to produce factual support

---

[1] The only motion to continue filed in the record was for the stated purpose of "judicial economy and efficiency;" or, specifically, to have both motions for summary judgment set for the same day. That motion to continue was granted by the trial court.

sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. *Id*; *Thibodeaux v. Lafayette Gen. Surgical Hosp., LLC*, 09-1523 (La.App. 3 Cir. 5/5/10), 38 So.3d 544.

When a motion for summary judgment is made and supported, the adverse party may not rest on the allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. La.Code Civ.P. art. 967(B). If the adverse party fails to show a genuine issue of material fact exists, "summary judgment, if appropriate, shall be rendered against him." *Id*.

The record establishes Ms. King signed a Promissory Note for value received ($53,451.93), which was secured through a Security Agreement on certain property located in St. Tammany Parish, Louisiana. For a document to be a negotiable promissory note, it must (1) be signed by the maker or drawer; (2) contain an unconditional promise to pay a certain sum; (3) be payable on demand or at a definite time; and (4) be payable to the order of the bearer. See La.R.S. 10:3-104. The Promissory Note was signed by Ms. King stating she received a value of $53,451.93. In the note, Ms. King promised to pay to Obey the total of payments set forth in the Note, until the full amount was paid. The first payment was dated for February 18, 2019, with the following payments due on the same date of each month thereafter. Thus, under La.R.S. 10:3-104 the Promissory Note between the parties was valid and negotiable.

A copy of the Promissory Note, Security Agreement, and mortgage on the property in question were filed in the record and attached to the motions for summary judgment. An Affidavit of Correctness of Indebtedness was also attached, which set forth that Ms. King was seriously delinquent, having missed her March 18, 2019 payment and all subsequent payments thereafter. Ms. King has failed to show that the motion for summary judgment on the original demand was not proper or that

6

there was a genuine issue of material fact that would preclude summary judgment. Thus, Obey was entitled to summary judgment on the Petition for Money Judgment.

As to Ms. King's counterclaim, she alleged that Obey (1) falsely represented the character, amount, or legal status of the alleged debt; (2) attempted to collect an amount that is not expressly authorized by a valid agreement or contract creating the alleged debt; (3) failed to send her written notice; and (4) brought the action in Rapides Parish, which was not a parish of proper venue. As to the first three allegations, as set forth above, the Promissory Note, which meets the requirements of La.R.S. 10:3-104, stated the character, amount and legal status of the debt owed as alleged in the Petition for Money Judgment. Under the express terms of the valid and negotiable Promissory Note, Ms. King waived notice. As for the allegation that venue was improper, La.Code Civ.P. art. 74.4(B) provides that "[a]n action on a promissory note may be brought in the parish where the promissory note was executed or in the parish of the domicile of the debtor." In this case, the Promissory Note was signed by Ms. King and executed in Rapides Parish. Thus, we find the motion for summary judgment as to Ms. King's counterclaim was proper and the pleadings and affidavits show no genuine issue of material fact exists to preclude summary judgment.

Obey answered Ms. King's appeal and requests this court award it additional attorney's fees for the work necessitated by the appeal. "An increase in attorney's fees should be awarded to a party who has already been awarded attorney's fees by the trial court and then successfully defends an appeal." *Camalo v. Courtois*, 19-15, p. 7 (La.App. 3 Cir. 10/2/19), 280 So.3d 956, 963 (quoting *Saacks v. Mohawk Carpet Corp.*, 03-386 (La.App. 4 Cir. 8/20/03), 855 So.2d 359, *writ denied*, 03-2632 (La. 12/12/03), 860 So.2d 1158.) Since Obey has successfully defended this appeal, we award additional attorney fees in the amount of $1,000.00.

**DECREE**

For the foregoing reasons, the judgment of the district court is amended to award Obey Financial Group, Inc. additional attorney fees of $1,000 for this appeal. In all other respects, the district court's judgment is affirmed at appellant, Toria King's costs.

**AFFIRMED, AS AMENDED.**